UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLINE RENE FRAZIER,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL (PREVIOUSLY CAROLYN W. COLVIN),<br>Acting Commissioner of Social Security,[1]<br><br>  Defendant. | No. 2:16-cv-00202-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 17 & 19. Plaintiff Charline Rene Frazier brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits and Supplemental

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. Jurisdiction

Ms. Frazier filed her applications for disability and disability insurance benefits on June 13 and May 29, 2013, respectively. AR 177-84. Her alleged onset date is August 1, 2011. AR 177, 183. Her application was initially denied on July 26, 2013, AR 131-37, and on reconsideration on October 30, 2013, AR 139-42.

Administrative Law Judge ("ALJ") Caroline Siderius held a hearing on November 19, 2014. AR 36-79. On December 16, 2014, the ALJ issued a decision finding Ms. Frazier ineligible for disability benefits. AR 20-32. The Appeals Council denied Ms. Frazier's request for review on April 21, 2016, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Frazier timely filed the present action challenging the denial of benefits on June 8, 2016. ECF No. 3. Accordingly, Ms. Frazier's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to

do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the

claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Ms. Frazier was born in 1966, and she has obtained a general education diploma. AR 281. She has previous work experience as a coffee maker, short order cook, sorter/pricer, fast food worker,

cashier, counter attendant in a cafeteria, and hand packager. AR 31. Ms. Frazier suffers from degenerative disc disease and multiple mental impairments, including mood disorder and personality disorder. AR 22.

### V. The ALJ's Findings

The ALJ determined that Ms. Frazier was not under a disability within the meaning of the Act from August 1, 2011, through the date of the decision. AR 32.

**At step one**, the ALJ found that Ms. Frazier had not engaged in substantial gainful activity since August 1, 2011, her alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 21.

**At step two**, the ALJ found Ms. Frazier had the following severe impairments: degenerative disc disease, mood disorder, and personality disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 22-25.

At **step three**, the ALJ found that Ms. Frazier did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 25-26.

At **step four**, the ALJ found Ms. Frazier had the following residual functional capacity: She can perform light work; lift and carry twenty pounds occasionally and ten pounds frequently; sit up to six hours and stand/walk up to six hours in an eight-hour workday; occasionally crawl, crouch, stoop, and kneel; have superficial contact with the general public (defined as the ability to be in proximity

of the public, but with no ongoing contact or work with the public); have superficial, brief, non-collaborative contact with co-workers; and complete simple, repetitive tasks with occasional detailed work. She cannot climb ladders, ropes, or scaffolds, or be exposed to unprotected heights. The ALJ also specified she would work better with things rather than people. AR 26-30.

The ALJ determined that Ms. Frazier could perform her past relevant work as a hand packager. AR 30-31. The ALJ consulted with a vocational expert and the Dictionary of Occupational Titles in making this determination. AR 31.

Because the ALJ found that Ms. Frazier could perform her past relevant work, the ALJ did not make any additional findings at **step five**.

## VI. Issues for Review

Ms. Frazier argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly evaluating the medical opinion evidence, specifically the opinions of Drs. Burdge, Duris, and Genthe; (2) improperly finding Ms. Frazier not credible; and (3) failing to meet the ALJ's burden at steps four and five. ECF No. 17 at 2.

//

//

//

## VII. Discussion

**A. The ALJ did not err in determining Ms. Frazier's credibility.**

While Ms. Frazier argues the alleged errors in a different order, the Court evaluates the ALJ's determination of Ms. Frazier's credibility first because it bears strongly on the subsequent errors.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In this case, there is evidence of malingering, which alone can satisfy an ALJ's adverse credibility determination. *See Tommasetti,* 533 F.3d at 1039. Three separate Personality Assessment Inventories, administered by three separate medical professionals, suggested over-reporting and exaggeration of symptoms. AR 263, 274, 286. Additionally, two of the examiners specifically noted the possibility of malingering. AR 263, 286.

Even considering the potential that the over-reporting was a "cry for help," as suggested by the doctors, AR 263, 274, 286, the ALJ pointed to significant inconsistencies in the record. AR 28-29. Inconsistencies and exaggerations can be legally sufficient reasons to discount a claimant's credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may cite to "prior inconsistent statements concerning the symptoms and other testimony by the claimant that appears less than candid" when making an unfavorable credibility determination.)

In this case, ALJ Siderius pointed to multiple instances of inconsistencies and exaggerations in Ms. Frazier's statements. AR 25-29. Among these were statements that shaped the doctor's diagnoses, such as past rapes (AR 261, 273, 281-84), previous suicide attempts (AR 262, 273, 281-84), and her relationship with her mother (AR 261, 273). Her family health history was also inconsistent. On one occasion, she stated that her mother was schizophrenic, AR 261, but on another occasion, she stated that it was her son who was schizophrenic, AR 281. She also provided inconsistent statements as to why she quit her previous job as a cook: sometimes blaming her anxiety, sometimes stating the position created flashbacks to working with her mother, and sometimes due to an inability to meet workplace expectations. AR 262, 273, 282. Ms. Frazier's statements regarding her prior substance abuse also dramatically differ, ranging from no prior history of

alcohol or drug use at all to having received treatment for alcohol and cocaine abuse. AR 262, 282. Finally, Ms. Frazier's reports of her daily activities are inconsistent, telling one examiner she could do nothing more than watch television on the couch, but telling another that she could handle basic household chores and personal needs. *Id.*

The significant amount of inconsistent statements, often dramatically contradictory, in conjunction with the multiple unreliable test results on record justify the ALJ's finding regarding Ms. Frazier's credibility.

**B. The ALJ properly evaluated the medical evidence.**

The ALJ gave little weight to the opinions of Drs. Aaron Burdge, Mark Duris, and Thomas Genthe, each of whom evaluated Ms. Frazier for the Washington State Department of Social and Health Services ("DSHS"). AR 260-77, 281-87. Each of the doctors supported a finding for disability under DSHS guidelines. *Id.* Ms. Frazier argues that the rejection of these opinions was in error. ECF No. 17 at 11-12.

The ALJ is the "final arbiter" with regard to medical evidence ambiguities, including differing physicians' opinions. *Tommasetti*, 533 F.3d at 1041. The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to opinions: (1) treating providers; (2) examining providers; and (3) non-examining providers. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A

treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. Id. at 830-31. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted).

An ALJ may reject a doctor's opinion that is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ opined that DSHS examiners, such as the three doctors here, "typically place undue reliance upon the subjective allegations" of the claimant. AR 30. The record supports this analysis. The examiner's reports indicate that the subjective statements were usually taken at face value. For example, Dr. Genthe accepted that Ms. Frazier had no history of alcohol or substance abuse, despite clear evidence in the record to the contrary. AR 262, 282. While there is no evidence that Dr. Genthe was aware of Ms. Frazier's inconsistent statements to other examiners, this reliance on self-reporting undermines his opinion.

Ultimately, the ALJ rejected the examiners' opinions because they were predicated on an inaccurate diagnostic picture due to Ms. Frazier's unreliability. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (and ALJ may reject an opinion predicated in part on erroneous beliefs). Due to the high levels of inconsistency and exaggeration demonstrated by Ms. Frazier throughout the examinations, her subjective complaints cannot provide a reliable foundation for the examiners and her tests results are suspect, a fact on which all doctors agree. AR 263, 274, 286.

When the evidence based on the wholly unreliable subjective complaints is removed, there are scant other clinical observations to support the level of limitations opined by the examiners. A lack of clinical support is a legally sufficient reason for rejecting a doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

For the reasons stated above, the Court finds no error with the ALJ's treatment of the opinions of Drs. Burdge, Duris, and Genthe.

**C. The ALJ did not fail to meet her burden at steps four or five.**

The ALJ found at step four that Ms. Frazier was capable of performing her past relevant work as a hand packager and denied benefits without making an alternative finding at step five of additional jobs in the national economy that Ms. Frazier could perform. AR 30-31. Ms. Frazier argues this was improper because

the hypotheticals on which the ALJ relied did not include all of the appropriate limitations. ECF No. 17 at 17.

The limitations Ms. Frazier alleges should have been included were taken from the reports of Drs. Burdge, Duris, and Genthe. As detailed above, the ALJ thoroughly detailed her rationale for rejecting the opinions of these examiners, as well as Ms. Frazier's subjective testimony, and the Court has upheld these findings. The challenge to the residual functional capacity and related hypothetical that resulted in the ALJ's determination at step four is another attempt to challenge the ALJ's findings, which is not permissible. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Furthermore, because the case was resolved at step four, there was no need to proceed to step five, and thus there was no error. *See* 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 12th day of May, 2017.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 15